# EXHIBIT A

 

**Comment to Notice of Proposed Rule-Making: "30-Day Notification Requirement Prior to Termination of Lease for Nonpayment of Rent,"**
**RIN 2501-AE09 (Docket No. FR-6387-P-01)**

Submitted to Department of Housing and Urban Development
On January 30, 2023

Maryland Legal Aid ("MLA") is Maryland's largest provider of free civil legal services for low-income people in Maryland and a key implementer of Maryland's Access to Counsel in Evictions Program, created by the state pursuant to right to counsel legislation in 2021.[1] A significant part of MLA's work is devoted to representing tenants in defense against eviction proceedings initiated for alleged nonpayment of rent. Our Tenants' Right to Counsel Project expended nearly 8,000 hours (about 11 months) in 2023 to represent clients in such cases.

Many of our clients live in properties receiving project-based rental assistance ("PBRA") or in public housing. In our experience with these clients, non-compliance with the CARES Act 30-day notice[2] is widespread across the state. Few property managers, we find, understand the requirement to provide a 30-day notice in nonpayment cases, either per the CARES Act or the U.S. Department of Housing and Urban Development's ("HUD") October 7, 2021, Interim Final Rule ("Extension of Time and Required Disclosures for Notification of Nonpayment of Rent").[3]

For MLA clients, the proposed 30-day notice requirement ("Proposed Rule") will benefit housing stability and access to justice. For Maryland courts, the Proposed Rule will provide needed clarity about the condition precedent to filing FTPR eviction cases in the state. We are pleased to provide the following comments in support of the Proposed Rule.

**I.     Background**

In Maryland, an estimated 20,000 renter households were evicted in 2023 because of alleged nonpayment of rent.[4] Those evictions resulted from a mammoth volume – estimated at over 400,000 – of serially filed "Failure to Pay Rent" (FTPR) court filings that tee off a rapid court procedure known legally as "summary ejectment" and colloquially as "rent court." A 2020 analysis of eviction filings in Baltimore City "found that approximately 84 percent of filings indicated that one month's

---

[1] Md. Code Ann., Real Prop. art. § 8-901 *et seq*.
[2] Coronavirus Aid, Relief, and Economic Security Act (CARES Act), 15 U.S.C. § 9058, Pub. L. 116–136, div. A, title IV, § 4024, Mar. 27, 2020.
[3] HUD, Notice PIH 2021–29 (October 7, 2021).
[4] Maryland Department of Housing and Community Development, Maryland Evictions Dashboard, https://dhcd.maryland.gov/Maps/Pages/default.aspx (Select Filing Type: Failure to Pay Rent). The dashboard shows 18,259 evictions for Failure to Pay Rent from January through November 2023 (last accessed Jan. 26, 2024).

500 EAST LEXINGTON STREET, BALTIMORE, MARYLAND  21202
(410) 951-7777 | (800) 999-8904
WWW.MDLAB.ORG

  

rent was due at the time of the filing, signaling that most landlords are filings evictions as soon as tenants miss a payment."[5]

Maryland enacted the Access to Counsel in Evictions ("ACE") law in 2021, establishing that income-eligible tenants "shall have access to legal representation" in judicial or administrative proceedings initiated to evict or terminate a tenancy or housing subsidy.[6] Of the households who had full legal representation through the ACE Program in 2023, 76 percent avoided disruptive displacement.[7] ACE Program providers, including MLA, helped tenants avoid more than $4.5 million in direct costs and receive more than $415,000 awarded by judgments.[8]

The 2021 legislation also established the requirement of a 10-day notice as a condition precedent to filing an FTPR eviction case. The 10-day notice not only notifies a tenant that the landlord intends to initiate litigation based on nonpayment described within the notice, but it also provides the tenant information about rental assistance services and legal services.[9] This pre-filing notice serves a vital function in the overall rapid ejectment procedure. MLA finds that, from the date of service of the FTPR complaint and summons, to the day of trial, tenants may not have even 5 business days to prepare for court under this rapid procedure. Because service of process occurs by mail and by posting at the property, MLA often hears from clients who received their court papers late or not at all. For these reasons, the pre-filing notice undergirds the weak due process foundations of Maryland's rent court process.

Combined, the advent of the right to counsel in evictions and the 10-day notice requirement in nonpayment cases marked a historic decline in FTPR filings. Compared to 676,193 landlord-tenant cases filed in FY 2019, Maryland saw 309,959 in FY 2022 and 401,797 in FY 2023.[10] In MLA's view, the combination of available legal representation, time to engage legal representation before trial, and time to pay arrears before trial effectively deters landlords' quick resort to eviction and therefore deters litigation-driven housing instability. For renters in public housing and PBRA properties, the Proposed Rule adds another baluster to increase access to justice, to increase the likelihood of catch-up payments, and to increase housing security overall.

---

[5] Stout Risius and Ross, The Economic Impact of an Eviction Right to Counsel in Baltimore City 10 (May 8, 2020), https://cdn2.hubspot.net/hubfs/4408380/PDF/Eviction-Reports-Articles-Cities-States/baltimore-rtc-report-final-5-8-2020.pdf.
[6] Supra n.1.
[7] Access to Counsel in Evictions Task Force, *Report of the Access to Counsel in Evictions Task Force* at 11 (January 2024), https://www.marylandattorneygeneral.gov/A2C_Docs/2024_ACE_TF_Report.pdf).
[8] *Id*.
[9] Notice of Intent to File a Complaint for Summary Ejectment, Form DC-CV-115, https://www.courts.state.md.us/sites/default/files/court-forms/dccv115.pdf.
[10] *See* District Court of Maryland, About District Court, https://mdcourts.gov/district/about#stats.

**II.     A 30-Day notice requirement provides tenants adequate time to retain legal counsel, to prevent the need for litigation, and to prepare defenses to litigation.**

In a right-to-counsel state such as Maryland, one of the key benefits of the proposed 30-day notice requirement is that tenants would have at least 30 days, before the initiation of eviction proceedings, to seek legal assistance and representation. Court proceedings that arise from the alleged failure to pay rent involve facts and legal issues beyond the simple question of whether the tenant paid rent. This holds true independent of the peculiarities of subsidized and public housing. For example, many jurisdictions in Maryland require landlords to obtain a rental license both to lease and to collect rental payments for a unit. Unfortunately, unlicensed landlords frequently leverage the court process to collect rent illegally. Knowing the licensing status of an apartment complex, let alone legal issues of standing and subject matter jurisdiction in such cases, is difficult for tenants without counsel. More commonly, Maryland tenants are sued for nonpayment of rent despite the existence of dangerous or unhealthy living conditions. In such cases, although renters are entitled under the state's Rent Escrow law to withhold rent and to seek court-ordered repairs, they rarely know – without the benefit of counsel – how to raise a rent escrow claim successfully.[11] In 2021, American Housing Survey data revealed an estimated 66,500 "severely inadequate" and "moderately inadequate" rental units in the state.[12] In that period, which preceded the implementation of the Access to Counsel in Eviction Program, tenants mounted only 1,183 rent escrow claims.[13]

For tenants in subsidized housing, Maryland's Failure to Pay Rent ("FTPR") proceedings involve an additional layer of complexity because of myriad factual and legal issues that arise even before property managers initiate their eviction cases. For instance, our subsidized housing clients usually present with erroneously high rent balances stemming from procedural problems in the income recertification process. Representation in these cases requires counsel to review tenant files, which may take weeks to obtain from property management. Our effectiveness in resolving recertification issues and upholding tenants' rights to procedural protections afforded by federal regulations hinges largely on time – specifically, how much time we have between the day a client calls us and their day in court.

The 30-day notice under the Proposed Rule would likely result in more tenants engaging MLA earlier in their dispute with management. Under the Proposed Rule, we foresee tenants having

---

[11] *See* Public Justice Center, Justice Diverted: How Renters Are Processed in the Baltimore City Rent Court, Executive Summary (December 2015) (In a study of 300 defendants, "nearly 80 percent… were living amidst serious housing defects at the time they appeared at Rent Court. Over 70 percent of that group had notified the landlord about those defects…. Even though these factors would form a legal defense for non-payment of rent, not even a third of respondents with a defense ended up contesting their cases before a judge. And even when they tried, in half of cases, judges failed to recognize or permit the renters' habitability-based defenses.").
[12] U.S. Census Bureau, American Housing Survey for the United States: 2021, Table Creator (Select area: Maryland, Select a table: Housing Quality).
[13] Supra n.9 (select FY 2021 table).

greater opportunity to find legal representation, to utilize that representation to resolve income recertification issues, reasonable accommodations, and other issues before the initiation of eviction cases, and to have better prepared defenses at any eventual trial in eviction cases.

The consequences of an eviction case may be far-reaching when a tenant risks not only loss of housing but loss of a long-term public benefit, as well. As a matter of procedural due process, both PBRA and public housing tenants deserve time enough to negotiate alternative resolutions with management that preclude the necessity of litigation, and where the parties cannot reach an alternative, time enough to prepare trial defenses. Even in the worst-case scenario, where a tenant effectively has no option but to vacate, the 30-day notice under the Proposed Rule provides tenants time to prepare logistically and mentally for imminent loss of housing and assistance.

### III. A 30-Day notice requirement allows tenants adequate time to obtain rental assistance.

As demonstrated in our clients' cases throughout the COVID-19 emergency, rental assistance is a challenging, multi-stage process that tests renters' ability to push through administrative delays – from acceptance of their applications to verifications of information and finally to disbursement of funds to the landlord. Subsidized tenants must meet an additional verification step in that rental assistance programs check the status of the tenant's subsidy. The rental assistance process succeeds only when renters have time to see it through. Once eviction proceedings begin, that time becomes exceedingly difficult to find, and in our experience, hinges on landlords' consent to stays of proceedings or, more often, stays of eviction in increments of 14 or 30 days. The 30-day notice under the Proposed Rule allows more time, upstream in the process, to complete all the steps, thereby increasing the likelihood that funds will be paid before an eviction occurs.

Although the vast majority of Maryland's federal Emergency Rental Assistance funding was exhausted in 2023, local governments continue to muster critically needed funds for renters who face eviction. MLA continues to help clients utilize rental assistance in Anne Arundel County, Baltimore County, Montgomery County, and Prince George's County – all counties with large populations of renters.

### IV. A 30-Day notice requirement is not unduly burdensome on Public Housing Authorities or the owners of PBRA properties.

Operators of public housing and PBRA properties have had to comply with 30-day notice requirements under the CARES Act, since 2020, and HUD Notice PIH 2021-29 since 2021. These operators have had three years to integrate the 30-day notice into their billing and collection operations. Compliance with the Proposed Rule should not involve new protocols, workflows, or undue burdens. Further, the 30-day notice period gives covered tenants greater opportunity to cure nonpayment before their landlords resort to filing nonpayment cases, thereby reducing legal costs. Maryland courts dismissed 39 percent of all FTPR cases in FY 2023, likely due to payment before

trial.[14] As discussed above, the institution of a 10-day prefiling notice in FTPR cases in October 2021 dramatically reduced filings, demonstrating that even 10 extra days to make a payment effectively eliminates the need for eviction litigation.

V.  **The Proposed Rule should cover additional categories of properties and require the 30-day notice to inform tenants of their right to counsel in evictions, as applicable.**

MLA urges HUD to consider expanding the coverage of the Proposed Rule to the thousands of properties benefiting under the Housing Choice Voucher ("HCV") program. Additionally, we recommend that the Proposed Rule clearly articulate the applicability of the 30-day notice requirement to Rental Assistance Demonstration properties.

Finally, we ask HUD to require that the 30-day notice include information about locally applicable right to counsel laws and rental assistance programs. Although Maryland tenants have a right to counsel in a proceeding to terminate their subsidy or their tenancy, there is no mechanism yet to ensure that termination notices apprise public housing or subsidized tenants of that right. This addition to the substance of the Proposed Rule would assist in increasing tenants' knowledge of their rights, their access to legal representation, and, consequently, the likelihood of protecting their subsidies and remaining safely housed.

Zafar Shah
Assistant Director of Advocacy
Tenants' Right to Counsel Project

Brenda Hurford
Staff Attorney
Housing/Consumer Law Unit

Robert Boehlert
Staff Attorney
Housing/Consumer Law Unit

Annie Toborg
Staff Attorney
Equal Justice Works Housing Justice Fellow

---

[14] Supra n.9 (select FY 2023 table).